UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
ALEX C. BARKLEY,                                    )        No. C13-1049RSL
                                                                   )
                              Plaintiff,                          )
              v.                                                   )        ORDER OF REMAND
                                                                   )
GREEN POINT MORTGAGE FUNDING,      )
INC., *et al.*,                                                  )
                                                                   )
                              Defendants.                     )
_____)

        This matter comes before the Court on plaintiff's "Motion to Remand." Dkt. # 6. Plaintiff filed this action in King County Superior Court asserting state law claims arising out of defendants' efforts to foreclose on plaintiff's home. Defendants JPMorgan Chase Bank, N.A., Mortgage Electronic Registration Systems, Inc., and U.S. Bank National Association removed the matter to federal court based on plaintiff's allegations regarding violations of federal law. Plaintiff has not, however, asserted any federal causes of action and has expressly disavowed any intention to seek relief under the federal statutes mentioned in the complaint.

        The question of whether a claim arises under federal law for purposes of 28 U.S.C. § 1331 must be determined by reference to the complaint. Mere mention of a federal law is not "a password opening federal courts to any state action embracing a point of federal law." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Rather, federal law must create the cause of action or plaintiff's right to relief must depend on the resolution of a

ORDER OF REMAND

substantial question of federal law. Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 27-28 (1983).

Plaintiff alleges that defendants violated the Washington Consumer Protection Act ("CPA") by (a) recording and relying on documents they knew or should have known were false, (b) falsely designating MERS as the beneficiary of the deed of trust, (c) falsely designating U.S. Bank as the beneficiary of the deed of trust and in the notice of default, (d) promulgating false and improperly executed documents, and (e) violating state and federal laws, specifically the Deed of Trust Act, the Fair Debt Collection Procedures Act, the Real Estate Settlement Procedures Act, and the Truth in Lending Act. A finding that defendants violated federal law is not essential to plaintiff's CPA claim: plaintiff alleges numerous "unfair and deceptive" acts that could satisfy the first element of a CPA claim, most of which are unrelated to federal law. A claim supported by alternative theories does not "arise under" federal law unless each of the theories requires resolution of a federal question. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 810 (1988); Duncan v. Stuetzle, 76 F.3d 1480, 1486 (9th Cir. 1996). Defendants have not, therefore, shown that plaintiff's right to relief under the CPA necessarily depends on resolution of a question of federal law.

For all of the foregoing reasons, the exercise of removal jurisdiction would be improper in this case. Plaintiff's motion (Dkt. # 6) is GRANTED. The Clerk of Court is directed to remand this matter to King County Superior Court.

Dated this 7th day of October, 2013.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

ORDER OF REMAND                    -2-